David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Donna Knobloch*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DONNA KNOBLOCH, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| NCB MANAGEMENT SERVICES, INC, | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff Donna Knobloch, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by Defendant in its illegal efforts to collect a consumer

debt. Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. Plaintiff Donna Knobloch ("Plaintiff") is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCB Management Services, Inc ("NCB") is headquartered in Fullerton, California, and is doing business in the State of Nevada.

6. Upon information and belief, NCB is licensed as a "debt collector", holds itself out in the community as debt collector, and is in the business of purchasing debts owed to third parties or servicing debts owed to third parties, and as such, regularly attempts to collect those debts.

7. NCB uses mail, credit reporting, and instrumentalities of interstate commerce in its attempts to collect debts either owed to another creditor or purchased from another creditor, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt.**

8.     Plaintiff opened an individual credit account with Republic Bank Trust Company ("Creditor") and incurred a financial obligation ("Debt").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal, or household purposes, and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned, or transferred to NCB for collection, or NCB was employed by the Creditor to collect the Debt.

11.     In its attempts to collect the Debt, NCB engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     The Bankruptcy.**

12.     On February 24, 2022, Plaintiff filed for Chapter 7 bankruptcy in the District of Nevada.  Plaintiff's case was assigned Case No. 22-10629-mkn ("Bankruptcy").

13.     Plaintiff scheduled the Debt in the Bankruptcy, and NCB received notice of the Bankruptcy from the Bankruptcy Noticing Center ("BNC").  *See* Bankruptcy ECF Nos. 1, 8.

14.     On May 24, 2022, Plaintiff received a discharge in the Bankruptcy.  *See* ECF Bankruptcy No. 13.

15. NCB received notice of the discharge from the BNC noticing system. *See* Bankruptcy ECF No. 14.

16. NCB did not file any proceedings to declare the alleged Debt "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.

17. NCB did not obtain relief from the "automatic stay" pursuant to 11 U.S.C. § 362 et seq. while the Bankruptcy was pending to pursue Plaintiff for any personal liability.

18. Accordingly, the Debt was discharged, Plaintiff was no longer personally liable for the Debt, and NCB was enjoined from taking any action to collect the Debt.

**C.   NCB's Debt Collection Harassment and Abuse.**

19. Despite the fact that NCB knew (or should have known) the Debt was discharged in full in the Bankruptcy, NCB engaged in harassing and abusive debt collection tactics in violation of the FDCPA to collect the Debt.

20. Specifically, after the Bankruptcy discharge, NCB deliberately furnished false credit information about the Debt to Trans Union, a third-party consumer reporting agency (CRA), indicating Plaintiff was still personally liable for the Debt and the account was in active "collections."

21. Plaintiff obtained a copy of her Trans Union credit report dated July 21, 2022, which showed NCB was still reporting the Debt in collections with an account balance of $1,083, as seen below:

```
NCB MANAGEMENT SERVICES #     ( 1 ALLIED DR, TREVOSE, PA 19053, (855) 622-3500 )    Pay Status:  >Account Included in Bankruptcy<
Placed for collection: 07/22/2019     Balance:          $1,083
Responsibility:        Individual Account    Date Updated:     05/14/2022
Account Type:          Open Account           Last Payment Made: 06/15/2021
Loan Type:             DEBT BUYER             Original Amount:  $3,908
                                              Original Creditor: REPUBLIC BANK TRUST CO
                                                                 (Financial)
```

22. Upon information and belief, NCB reported the Debt with a balance owed and in active collections knowing it would damage Plaintiff's creditworthiness and provide an illicit and abusive "incentive" for Plaintiff to pay the Debt, even though it was discharged in the Bankruptcy.

23. After the Discharge, it was abuse, harassment, and a violation of the FDCPA for NCB to report the Debt with existing balances and in collections.

**D.      Plaintiff Suffered Damages.**

24. Plaintiff has suffered and continues to suffer actual damages as a result of NCB's unlawful conduct.

25. As a direct consequence of NCB's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

26. Plaintiff also feels she has lost the benefit of the Bankruptcy, as NCB has disregarded her discharge in its attempts to collect the discharged Debt.

# COUNT I
# VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

27. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

28. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

29. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive, or misleading behavior in connection with the collection of a debt.

30. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed.

31. Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant communicated or threatened to communicate false credit information about the Debt.

32. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means to collect the Debt.

33. The foregoing conduct relating to these FDCPA claims is not predicated on a violation of a discharge order, nor does Plaintiff seek relief for

violation of a discharge order.  Conversely, these FDCPA claims are predicated on Defendant's misrepresentations of the amount owed through Defendant's collection communications and debt collection efforts regarding the Debt.

34.     Unlike the plaintiff in Walls v. Wells Fargo Bank, N.A., 276 F.3d 502 9th Cir. 2002), Plaintiff herein is not alleging under this Count that Defendant engaged in unfair and unconscionable collection practices, which are forbidden by the FDCPA, by trying to collect a debt in violation of the discharge injunction.  Instead, Plaintiff raises an entirely different claim based on Defendant's misrepresentation of the amount actually owed on the Debt, which is a legally and factually distinct claim from Walls' allegations of FDCPA violations flowing from a creditor's discharge violations.  Neither is Plaintiff seeking redress under any provision of the Bankruptcy Code as none exists to provide a remedy for Defendant's collection misrepresentations.

35.     Plaintiff is not seeking a private right of action under the Bankruptcy Code as there is no independent basis under the Bankruptcy Code to provide redress to Plaintiff for Defendant's misrepresentation of the correct and lawful amount of the Debt.

36.     Plaintiff also does not suggest that the Bankruptcy Code may be used to create substantive rights for a private right of action thereunder for Defendant's FDCPA collection violations.  These FDCPA claims are remote from the

Bankruptcy Code and operate as their own independent claims under non-bankruptcy law.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38. Plaintiff is entitled to damages as a result of Defendant's violations.

39. Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

1. actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. punitive damages; and

4. any other and further relief the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Plaintiff demands a jury trial on all claims, causes of action and counts asserted in this matter.

Dated: October 14, 2022

                                              Respectfully submitted,

By   /s/ David Krieger, Esq.
        David Krieger, Esq.
        Nevada Bar No. 9086
        Shawn Miller, Esq.
        Nevada Bar No. 7825
        KRIEGER LAW GROUP, LLC
        5502 S. Ft. Apache, Suite 200
        Las Vegas, NV 89148
        Phone: (702) 848-3855
        Email: dkrieger@kriegerlawgroup.com
        Email: smiller@kriegerlawgroup.com

**KRIEGER LAW GROUP, LLC**
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148